IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| TRAVIS D. ALLEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 10-4240-SSA-CV-C-MJW |
| ) | |
| MICHAEL J. ASTRUE, Commissioner, ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff Travis D. Allee seeks judicial review,[1] of a final administrative decision denying plaintiff disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. Section 1631(a)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review to the same extent as the Commissioner's final determination under section 205.

The parties' briefs are fully submitted, and an oral argument was held on November 7, 2011. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

Plaintiff was born in 1981, and was four years old on the alleged disability onset date. Plaintiff has a high school education. Plaintiff has past relevant work as a retail sales clerk and cook at a pizza restaurant. Plaintiff filed his application for disability on November 8, 2006, alleging an onset of disability on June 7, 1985. Plaintiff's application was denied, and a hearing was held on January 8, 2009, before an Administrative Law Judge (ALJ). On February 3, 2009, the ALJ issued a decision finding that plaintiff has not been under disability as defined in the

---

[1]With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

Social Security Act from June 7, 1985, through February 3, 2009.  The Appeals Council denied plaintiff's request for review.

## Standard of Review

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion.  In determining whether existing evidence is substantial, we consider evidence that detracts from the Commissioner's decision as well as evidence that supports it.  As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1).  See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).  To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment."  McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments.  McMillian, 697 F.2d at 221.

## Discussion

Here the ALJ found that the plaintiff met the insured status requirements of the Social Security Act through September 30, 2012.  The ALJ also determined that plaintiff did not engage

in substantial gainful activity at any time after June 7, 1985. The ALJ found that plaintiff had the following severe impairments: noninsulin-dependent diabetes millitus, blindness in the left eye, diabetic nephropathy, and hypertension. The ALJ found plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ found plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the plaintiff's statements concerning the intensity, persistence and limiting effects of these symptoms were not entirely credible. The ALJ determined that plaintiff had a residual functional capacity (RFC) to perform sedentary work with additional nonexertional limitations to account for some of his impairments. The ALJ determined that plaintiff would need to work in a temperature-controlled environment where there would not be concentrated exposure to vibration or industrial hazards/heights, nor could plaintiff do work requiring depth perception to complete work tasks.

Plaintiff alleges the ALJ's decision was in error because it was not supported by substantial evidence in the record as a whole. Plaintiff argues (1) the ALJ should have found that plaintiff met the listings contained at 20 C.F.R. Part 404, Subpart P, Appendix 1, Section 9.08 Diabetes Millitus, Section 6.02A dialysis, and Section 6.02 B Kidney Transplantation; (2) the ALJ placed undo weight on plaintiff's marijuana use and poor self care; and (3) the ALJ failed to properly consider that plaintiff was only able to be previously employed because of an accommodating employer.

At the hearing, the plaintiff, while incorporating the allegations in his brief, also argued that even if he didn't meet a listing, his impairments were the functional equivalent of a listing. Plaintiff also argued he was unable to work because of frequent hypoglycemic episodes.

The Commissioner argues that plaintiff's impairments do not meet a listing or the functional equivalent, and that this is supported by substantial evidence in the record. The Commissioner also argues that the evidence plaintiff presented to the Appeals Council showing a deterioration in his condition after the ALJ's decision, is evidence which can be submitted with a new application for disability[2], but cannot be a basis for determination of disability with this

---

[2] Plaintiff did submit subsequent applications for disability insurance benefits based on the deterioration of his medical condition after the relevant time period in this case. These

current application. The Commissioner states that the only relevant inquiry is whether plaintiff was disabled within the relevant time period of this application. As to credibility, the Commissioner argues the ALJ properly considered plaintiff's subjective testimony regarding his impairments. The Commissioner also argues there is evidence in the record showing plaintiff's impairments improved and were controllable with treatment when plaintiff complied with such treatment. The Commissioner argues that noncompliance is properly considered by the ALJ not only in making medical determinations, but also in assessing plaintiff's credibility. The Commissioner also argues the ALJ can properly consider plaintiff's misstatements made at the hearing regarding his marijuana use in assessing his credibility. The Commissioner argues that substantial evidence is in the record to support the decision of the ALJ.

Upon review of the record, the Court finds the ALJ's opinion is supported by substantial evidence in the record. The evidence in the record supports that during the relevant time period of this application, plaintiff's severe impairments did not meet a listing, or the functional equivalent of a listing, in 20 C.F.R. Part 404, Subpart P, Appendix 1. The substantial evidence in the record supports that if compliant with his medications and medical direction, plaintiff's impairments were treatable and did not render him disabled. Pepper, ex rel., Gardner v. Barnhart, 342 F.3d 853, 855 (8th Cir. 2003). The evidence in the record shows that when plaintiff did not comply with medical directives, his impairments would worsen. Evidence in the record shows plaintiff engaged in activities that were counter to his medical impairments, such as drinking and use of marijuana. As for the additional evidence submitted by the plaintiff to the Appeals Council, the Commissioner is correct that this evidence, while clearly showing a decline in plaintiff's medical impairments in 2010, is not relevant to the determination of disability for the relevant time period of this application.

The ALJ did not err in discrediting plaintiff's credibility. See Baldwin v. Barnhart, 349 F.3d 549, 558 (8th Cir. 2003) (credibility questions concerning claimant's subjective complaints are primarily for the ALJ to decide, and not the reviewing court). Despite a record showing recent use of marijuana, plaintiff denied such use at the hearing before the ALJ. Moreover, the

---

applications have been granted by the Commissioner.

4

ALJ properly cited to plaintiff's daily activities which are counter to his allegations of total disability during the relevant time period of this application. Plaintiff engaged in regular physical exercise, and reported enjoying frisbee golf. Here the ALJ properly considered the inconsistencies between plaintiff's subjective allegations and the evidence as a whole. See Eichelberger v. Barnhart, 390 F.3d 584, 590 (8th Cir. 2004) (credibility determination to be affirmed where ALJ articulated inconsistencies supported in the record that undermined claimant's subjective complaints). Additionally, the ALJ properly considered plaintiff's noncompliance with medical directives in determining to discredit his credibility. Noncompliance with treatment is a proper factor in the credibility analysis. Holley v. Massanari, 253 F.3d 1088, 1092 (8th Cir. 2001).

The ALJ did not err in determining plaintiff's RFC to do sedentary work, or in the finding that plaintiff was not disabled as defined by the Social Security Act. There is substantial evidence in the record to support the decision of the ALJ.

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is affirmed and this case is closed.

Dated this 19th day of December, 2011, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge